RECEIVED
IN LAKE CHARLES, LA

JUN 23 2009
PAT
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY | : | DOCKET NO. 2:08 CV 638 |
| VS. | : | JUDGE MINALDI |
| DEXTER HONORE CONSTRUCTION COMPANY, LLC; FLUOR CORPORATION; AND FLUOR ENTERPRISES, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Reurge Motion for Summary Judgment; or in the alternative, a Motion to Alter or Amend Judgment pursuant to Rule 59(e) [doc. 62], filed by United National Insurance Company (hereinafter "United National"). The motion seeks to alter or amend this Court's Memorandum Ruling finding that United National owed a duty to defend Fluor Enterprises, Inc. (hereinafter "Fluor") in the underlying *Grand Acadian*[1] litigation.[2] Dexter Honore Construction Company, LLC (hereinafter "Dexter Honore") filed an opposition [doc. 63]. Defendant Fluor also filed an opposition [doc. 64]. United National did not file a Reply.

Litigants may move to alter or amend a judgment, provided such a motion is "filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[3] A motion to alter or amend

---

[1] 07-cv-295.

[2] Mem. Ruling (April 27, 2009) [doc. 59].

[3] The motion to alter or amend judgment was timely filed pursuant to the time computation requirements of Fed. R. Civ. P. 6(a). Accordingly, this Court has jurisdiction to

1

a judgment is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id.* Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

As both Dexter Honore and Fluor point out, United National's motion includes new arguments that were not previously raised in United National's opposition to Fluor's motion for partial summary judgment, [doc. 14], or in United National's briefs on its own motion for summary judgment [doc. 27]. United National asks this Court to alter or amend its judgment that addressed both of these motions for summary judgment. In the course of briefing these two motions, the parties filed a total of nine briefs, all of which this Court carefully considered. United National has not presented this Court with any reason as to why the various policy exclusions under which it now argues could not have been raised prior to the entry of judgment. United National does not present any newly discovered evidence or intervening changes in case law that would warrant this Court to revisit its ruling; accordingly,

IT IS ORDERED that United National's motion, [doc. 62], is hereby DENIED.

Lake Charles, Louisiana, this **23** day of **June**, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

consider the Rule 59(e) motion. *U.S. Leather v. H&R P'ship*, 60 F.3d 222, 224 (5th Cir. 1995).